1
2
3
4
5
6
7
8                                   UNITED STATES DISTRICT COURT

9                                 SOUTHERN DISTRICT OF CALIFORNIA

10   ROBERT JACKSON,                              Civil No.    06cv0578-BEN (POR)

11                              Plaintiff,    **REPORT AND RECOMMENDATION
                                              GRANTING MOTION TO DISMISS**
12            v.

13   ROBERT HERNANDEZ, Warden,

14                              Defendant.

15                            **I.  INTRODUCTION**

16            Petitioner Robert Jackson, a state prisoner proceeding *pro se*, has filed a Petition for Writ of

17   Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2254, challenging the decision of California

18   Governor Arnold Schwarzenegger reversing a parole grant issued by the Board of Parole Hearings

19   (Board).  Respondent moves to dismiss the Petition with prejudice asserting that it is barred by the

20   statute of limitations pursuant to 28 U.S.C. § 2244(d).  In response, Petitioner has filed an

21   opposition.  On August 1, 2006, this Court issued an Order Requesting Additional Briefing

22   regarding equitable tolling of the statute of limitations.  In response, Petitioner submitted a

23   document conceding that his Petition was not timely filed.  For the reasons set forth below, this

24   Court recommends that Respondent's Motion to Dismiss be GRANTED.

25                        **II.  PROCEDURAL BACKGROUND**

26            On November 5, 2003, the Board of Parole Hearings conducted a hearing regarding

27   Petitioner's suitability for parole.  At the conclusion of the hearing, the Board found Petitioner

28   suitable for parole, but advised him that the decision was subject to review by the Governor.

(Lodgment 5.)   On March 30, 2004, the Governor, pursuant to his authority to review parole decisions concerning persons sentenced to an indeterminate term upon conviction of murder under California Penal Code section 3041.2, reversed the decision of the Board. (Lodgment 6.)  A letter regarding the Governor's reversal of the Board's decision, along with a statement of the reasons for his decision, were faxed to Petitioner on March 30, 2004.  (Id.)  Additionally, a copy of the letter and statement of the Governor's reasons were sent to Petitioner via mail.  (Id.)

On November 18, 2004, Petitioner filed a petition for writ of habeas corpus in Los Angeles County Superior Court challenging the Governor's decision to reverse the Board's decision to grant parole.  The Los Angeles County Superior Court denied the petition on February 2, 2005. (Lodgment 7.)  Subsequently, on February 17, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal raising the same issues.  (Lodgment 8.)  The Court of Appeal denied the petition on March 2, 2005.  (Lodgment 9.)  On March 10, 2005, Petitioner filed a petition for review in the California Supreme Court.  (Lodgment 10.)  On May 18, 2005, the California Supreme Court denied the petition for review without comment.  (Lodgment 11.)

On December 29, 2005, Petitioner filed the instant federal habeas petition with the United States District Court for the Central District of California, challenging the Governor's decision to reverse the Board's decision granting him parole.  On March 15, 2006, the Petition was transferred from the Central District to this Court.  Respondent has filed a motion to dismiss, asserting that the Petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).  (Docket No. 4.)  Petitioner filed an opposition to Respondent's motion to dismiss.  (Docket No. 7.)

## III. DISCUSSION

### A.  Statute of Limitations

Respondent argues that the Petition is barred by the one-year limitations period applicable to federal habeas petitions, and therefore the Petition should be dismissed as untimely.

28 U.S.C. § 2244(d) provides for a one-year limitations period for state prisoners to file a federal habeas petition in federal court providing, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d) (West Supp. 2004).

Sections (d)(1)(A)-(C) do not apply in Petitioner's case.  First, subparagraph (A) is inapplicable in the instant case because the term "judgment" in subparagraph (A) concerns only the judgment of conviction, and does not include an "administrative ruling determining the manner in which the sentence will be carried out."  Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003). Second, subparagraph (B) does not apply because Petitioner's situation does not involve the removal of a State-created "impediment to filing an application."  28 U.S.C. § 2244(d)(1)(B).  Third, "the date on which the constitutional right [Petitioner asserts] was initially recognized by the Supreme Court" would not constitute the latest date in comparison to the date on which the factual predicate of Petitioner's claim could have been discovered.  28 U.S.C. § 2244(d)(1)(C) and (D).

Section 2244(d)(1)(D) is the appropriate section to apply to federal habeas petitions "that challenge administrative bodies such as parole and disciplinary boards."  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  For federal habeas petitions challenging parole decisions, AEDPA's limitations period begins to run when Petitioner could have learned of the factual basis for his claim through the exercise of due diligence.  Redd, 343 F.3d at 1082.  Thus, 28 U.S.C. § 2244(d)(1)(D) is the appropriate section to apply to the instant Petition.

In the instant case, the factual basis of Petitioner's habeas claims was the Governor's reversal of the Board's decision finding Petitioner suitable for parole on March 30, 2004.  Accordingly, the last day Petitioner could timely file his federal habeas petition, absent tolling of the statute of limitations, was March 30, 2005.  The instant Petition was not constructively filed until December 29, 2005.  Therefore, the Petition is time-barred unless (1) the statutory tolling provision brings the

Petition within the limitations period, or (2) the doctrine of equitable tolling applies to extend the filing deadline.

**B.     Statutory Tolling**

The statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

28 U.S.C.A. § 2244(d)(2) (West Supp. 2004).

Tolling begins "from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Id. The California Supreme Court's denial of a habeas petition is final thirty days after filing of the order denying the petition for orders filed before January 1, 2003, and immediately upon filing for those filed thereafter. Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam) (quoting Rule 24 of the California Rules of Court, "A decision of the Supreme Court becomes final 30 days after filing.").

In the instant case, Petitioner filed his first petition for writ of habeas corpus, challenging the Governor's decision to reverse the Board's finding of parole suitability, in the Los Angeles County Superior Court on November 18, 2004. Petitioner subsequently filed a petition for writ of habeas corpus, asserting the same challenges, in the California Court of Appeal. After the California Court of Appeal's denial, Petitioner filed a petition for review in the California Supreme Court, which was denied on May 18, 2005. Accordingly, the statute of limitations was tolled while Petitioner's state court proceedings were pending.

The statute of limitations ran from March 31, 2004, the day after the Governor's decision issued, to November 18, 2004, the date Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. Thus, the statute of limitations ran for 232 days before it was tolled by Petitioner's filing in state court on November 18, 2004. The clock began to run again upon the

California Supreme Court's denial of Petitioner's petition for review on May 18, 2005.  At this point, Petitioner had 133 days remaining to file a federal habeas petition.  However, Petitioner did not file a federal habeas petition until December 29, 2005, amounting to an additional 225 days after tolling ceased.  Petitioner argues in his opposition that he did not become aware of the Governor's decision until April 7, 2004, eight days after the decision issued.  (Petitioner's Opposition at 2.)  Even if this was the case, Petitioner still did not timely file his federal habeas petition as he was far more than eight days late.

Petitioner further argues that he should have "365 days, plus 90 days, or a total of 455 days to file" a petition in federal court.  (Petitioner's Opposition at 2.)  Petitioner is likely referring to the 90-day period within which a petitioner can file a petition for writ of certiorari in the United States Supreme Court upon conclusion of "direct review" by the state courts.  However, the 90-day period does not apply to parole denials because "California does not provide for *direct* appellate review of parole board decisions."  Redd, 343 F.3d at 1082 (emphasis added).  Rather, "state habeas review is the first and only opportunity the California state courts have to hear a prisoner's constitutional claims."  Id.  Accordingly, the additional 90-day period does not apply in the instant case because petitions for writ of habeas corpus are not considered "direct review."

As previously stated, the California Supreme Court's denial of a habeas petition is final thirty days after filing of the order denying the petition for orders filed before January 1, 2003, and immediately upon filing for those filed thereafter.  Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam).  Here, the Supreme Court's order denying the petition for review was filed on May 18, 2005, and thus became final on that day.  At that point, Petitioner had 133 days remaining to file a federal habeas petition.  However, Petitioner waited approximately 225 days before filing a habeas petition in federal court.  Thus, the statutory tolling provision does not bring Petitioner within the applicable statute of limitations.

**C.    Equitable Tolling**

Equitable tolling applies to the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, one-year statute of limitations.  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon

1   v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).  To be entitled to equitable

2   tolling, a prisoner must demonstrate (1) "extraordinary circumstances beyond [the] prisoner's

3   control" that (2) "ma[de] it impossible to file a petition on time."  Allen v. Lewis, 255 F.3d 798,

4   799-800 (9th Cir. 2001).  In cases where external forces, rather than a petitioner's lack of diligence,

5   account for the failure to timely file a claim, equitable tolling would be appropriate.  Miles v. Prunty,

6   187 F.3d 1104, 1107 (9th Cir. 1999).  Petitioner "bears the burden of showing that this extraordinary

7   exclusion should apply to him."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

8          It appears that in his opposition to the motion to dismiss, Petitioner contends that he is

9   entitled to tolling due to delays in the delivery of mail at R. J. Donovan Correctional Facility

10  (Donovan).  Petitioner asserts that he did not timely receive legal mail due to problems with

11  Donovan's mail system.  Petitioner offers memoranda regarding mail service from various

12  authorities at Donovan to support his claim that there was a problem with mail delivery during 2005.

13  One such memorandum from the Facility Captain at Donovan states: "during 2005, significant

14  delays occurred in the delivery of mail at R. J. Donovan Correctional Facility.  These delays were a

15  problem and affected both regular and legal mail."  (Petitioner's Opposition, Exh. A.)

16         After reviewing Petitioner's opposition and the supporting documents, this Court issued an

17  Order Requesting Additional Briefing, filed on August 1, 2006, regarding the extent of delay caused

18  by mail delivery problems at Donovan and whether the delay warrants equitable tolling.

19  Subsequently, on August 24, 2006, Petitioner filed a document conceding that his Petition is time-

20  barred.  Specifically, Petitioner states: "Petitioner after doing the math and reviewing his documents

21  agrees with Respondent that his [sic] exceeded the one-year statute of limitation."  In light of

22  Petitioner's concession, Respondent filed a Supplemental Brief again requesting that the Petition be

23  dismissed.

24         Based on the foregoing, this Court finds that the Petition is time-barred.  Petitioner has failed

25  to show that he is entitled to either statutory or equitable tolling of AEDPA's one-year statute of

26  limitations.  Rather, Petitioner concedes that his Petition was not timely filed.  Thus, the Petition

27  should be dismissed as time-barred.

28  ///

## IV.  CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

On or before **October 20, 2006**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document shall be entitled "Objections to Report and Recommendation."  Any reply to the objections shall be filed and served no later than **ten days after being served with the objections**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 13, 2006

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Roger T. Benitez
        All parties

06cv0578