FILED

2006 NOV 16 AM 10: 18

CLERK US DI..
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACKSON, | CASE NO. 06CV578-BEN (POR) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| vs. | |
| ROBERT HERNANDEZ, | |
| Respondent. | |

Petitioner Robert Jackson ("Petitioner" or "Jackson"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition"). In the Petition, Jackson challenges Governor Arnold Schwarzenegger's decision reversing the Board of Parol Hearings' granting of parole to Jackson. Respondent moved to dismiss, asserting the Petition is time barred. In response, Jackson filed a document conceding that his Petition is time barred. Specifically, Jackson stated: "Petitioner after doing the math and reviewing his documents agrees with Respondent that his [sic] exceeded the one-year statute of limitation."

After the matter was fully briefed for a decision, the Honorable United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("Report"), recommending the Petition be dismissed as untimely. Petitioner had until October 20, 2006 to file objections to the Report. To date, Petitioner has not filed any objections. Nor has he requested additional time to do so.

Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de*

1    *novo* determination of those portions of the [magistrate judge's] report or specified proposed

2    findings or recommendations to which objection is made." Thus, the governing "statute makes it

3    clear that the district judge must review the magistrate judge's findings and recommendations de

4    novo **if objection is made**, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121

5    (9th Cir. 2003) (en banc) (emphasis in original); see also id. ("Neither the Constitution nor the

6    statute requires a district judge to review, de novo, findings and recommendations that the parties

7    themselves accept as correct.") (citation omitted)); Wang v. Masaitis, 416 F.3d 992, 1000 n. 13

8    (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is

9    made to the [Report]." ) (citation omitted)).   Notwithstanding Jackson's failure to object, the

10   Court has carefully reviewed the Report.  Judge Porter's analysis is thorough and well-reasoned.

11   Accordingly, the Report is **ADOPTED IN FULL**.  Defendant's Motion is **GRANTED**.  The

12   Petition is **DISMISSED**.  The Clerk shall close the file.

13       **SO ORDERED**.

14   DATED: ___11/15/06___

15                                                 ROGER T. BENITEZ

                                              United States District Judge

16   cc: All parties and respective counsel

17

18

19

20

21

22

23

24

25

26

27

28

06cv578-BEN (POR)